UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JAMEL EUGENE BISHOP, SR.,

    Plaintiff,

v.                                                                             4:10-cv-12

ROBERT CARTER, et al.,

    Defendants.

**MEMORANDUM**

This *pro se* civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Western District of Kentucky and transferred to this court without service of process. For the reasons stated below, service of process shall not issue and this action will be **DISMISSED**.

Plaintiff brings this action against Robert Carter and Robert Crow, two attorneys he retained to represent him in a criminal case out of Coffee County, Tennessee. He has also named as defendant Kenneth J. Shelton, Jr., the prosecuting attorney. Plaintiff seeks compensatory and punitive damages from his former attorneys for their failure to properly represent him and from the prosecuting attorney based upon an improper prosecution.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The courts have uniformly held that neither a public defender nor a private attorney, whether appointed or retained, acts under color of law or is otherwise subject to suit under 42 U.S.C. § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

Plaintiff has stated at best a claim of attorney malpractice against his former attorneys and the proper forum for that would be the Tennessee state courts. Pursuant to 28 U.S.C. § 1367(c)(3), this court declines to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have.

A prosecutor is absolutely immune from civil liability under § 1983 for initiating a prosecution and for presenting the State's case. *Burns v. Reed*, 500 U.S. 478, 491-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1444 (6th Cir. 1997). "The entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, plaintiff has failed to state a claim for which relief may be granted against defendant Shelton.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not

2

alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action will be **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court will **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                       */s/Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE